**ALD-013**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2200
_____

CHARLES LUCARELLI,
Appellant

v.

CHARLES SCHULTZ, Chase Bank Branch Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-02167)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Due to Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2025

Before: SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed:  December 4, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**PER CURIAM**

Appellant Charles Lucarelli, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his civil rights complaint. We will summarily affirm.

## I.

In December 2024, Charles Lucarelli filed a complaint against Charles Schultz, a Chase Bank branch manager, alleging that Schultz committed theft of services, elder abuse, and bank fraud when he withdrew money from Lucarelli's bank account instead of cashing Lucarelli's check.  The Chief Magistrate Judge issued a Report and Recommendation that recommended dismissing Lucarelli's complaint without prejudice because he had failed to state a claim upon which relief can be granted.  Over the plaintiff's objections, the District Court adopted the recommendation and dismissed Lucarelli's complaint without prejudice. Lucarelli was given 20 days to refile an amended complaint that addressed the deficiencies that had been identified by the Chief Magistrate Judge. Lucarelli did not refile an amended complaint, and instead filed a notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229

---

[1] By filing a notice of appeal rather than amending within the 20-day period the District Court provided, Lucarelli stood on his complaint, and we therefore have appellate

2

F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a pleading must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

Appellant Lucarelli alleges that the defendant's mishandling of his Veterans Affairs disability check amounts to a violation of his civil rights under 42 U.S.C. § 1983, his rights under the American with Disabilities Act (ADA), elder abuse, and theft of services. All these claims were properly dismissed.

The District Court properly dismissed Lucarelli's § 1983 claim because the defendant, a bank manager at Chase Bank, is not a state actor for purposes of § 1983. See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). As to his ADA claim, Lucarelli did not make any allegations that the defendant's complained-of conduct was related in any way to Lucarelli's disability (which is not identified in the complaint). See Matheis v. CSL Plasma, Inc., 936 F.3d 171, 175 (3d Cir. 2019) (holding that a plaintiff must show that a defendant "unlawfully discriminated against him on the basis of his disability by (a) failing to make a reasonable modification that was (b) necessary to accommodate his disability"). To the extent that Lucarelli alleged the defendant committed violations of

jurisdiction. See Berke v. Bloch, 242 F.3d 131, 135-36 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 952 (3d Cir. 1976) (per curiam).

criminal law, the District Court properly dismissed those claims, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

Finally, the District Court correctly concluded that Lucarelli had not established diversity jurisdiction. See 28 U.S.C. § 1332(a). Given that conclusion as well as those we have already discussed, the District Court was well within its discretion to decline to exercise supplemental jurisdiction over Lucarelli's state-law claims. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).

Accordingly, we will summarily affirm the judgment of the District Court.